# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**PATRICIA ANN BURKS**                                                                                         **Plaintiff**

v.                                               **Civil Action No. 2:05CV250-WAP-EMB**

**JO ANNE B. BARNHART,**
Commissioner of
Social Security                                                                     **Defendant**

## REPORT AND RECOMMENDATION

        Plaintiff, Patricia Ann Burks, seeks judicial review pursuant to Section 405(g) of the Social Security Act (the "Act") of an unfavorable final decision of the Commissioner of the Social Security Administration (the "Commissioner"), regarding her applications for disability benefits under Title II and Supplemental Security Income under Title XVI. The matter has been referred to the undersigned United States Magistrate Judge for issuance of a report and recommendation.

## Procedural History

Plaintiff filed an application for disability benefits and supplemental security income under Titles II and XVI on March 25, 1999, alleging a disability onset date of August 17, 1998. (Tr. 53-55, 233-35). The applications were denied initially and on reconsideration. (Tr. 27-38, 42-44, 236-40).

On June 21, 2000, an administrative law judge (ALJ) issued a decision partially favorable to Plaintiff. (Tr. 14-22). In that decision, the ALJ found that Plaintiff was disabled from August 17,1998, through August 31, 1999. (Tr. 14-22). On August 21, 2002, the Appeals Council of the Social Security Administration denied Plaintiff's request for review. (Tr. 6-7). Plaintiff then appealed to this Court (Case No. 2:02CV257-B-B). (Tr. 361-62). Upon appeal, at the request of the Commissioner, the Court reversed and remanded the case to the ALJ on July 16, 2003. (Tr.

366-70). The Appeals Council remanded the case to the same ALJ. (Tr. 368). A new administrative hearing was held and additional evidence was entered into the administrative record. (Tr. 327-59). Thereafter, the ALJ issued a new decision on June 10, 2005, that was again partially favorable to Plaintiff, finding that she was disabled from August 17, 1998, through August 31, 1999, but not thereafter. (Tr. 308-17). Plaintiff again sought review to the Appeals Council, which, on October 27, 2005, declined Plaintiff's request for review. (Tr. 288-90). The ALJ's second hearing decision became perfected as the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. The ALJ's final hearing decision is now ripe for review under section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

Plaintiff's insured status under Title II of the Act expired on December 31, 2003. (Tr. 309). *See* 42 U.S.C. §§ 416(i)(3)(B) and 423(c)(1)(B); 20 C.F.R. § 404.130. To be eligible for Title II benefits, Plaintiff must show that she was disabled prior to that date. *See id.* To be eligible for supplemental security income benefits under Title XVI, Plaintiff must establish that she was disabled while her application was pending. *See* 42 U.S.C. §1382(c); 20 C.F.R. §§ 416.330 and 416.335.

## **Facts**

Plaintiff was born January 11, 1956, (Tr. 53), and was 44 years of age at the time of she was originally awarded benefits for a closed period in June 2000. (Tr. 14-22, 53). She is now 51 years old. (Tr. 53). She completed high school. (Tr. 68). Plaintiff has previously worked as a preschool teacher, a telephone worker, a change person in a casino, a cashier, and as a factory worker. (Tr. 63). Plaintiff alleged that she could not work due to a soft-tissue neck injury (from a motor vehicle accident), neck and lumbar spinal problems, and shoulder and forearm pain.

(Tr. 62). However, after a review and evaluation of the medical evidence of record, the subjective testimony at two administrative hearings, (Tr. 250- 87, 327-59), and the testimony of a vocational expert, (Tr. 275-80), the ALJ, in his second decision, found Plaintiff had been disabled only for the period from August 17, 1998, through August 31, 1999. (Tr. 308-17). Contrary to Plaintiff's allegation of disability, the ALJ found that she had undergone a medical improvement and after August 31, 1999, had the residual functional capacity (RFC) to perform light work activity. (Tr. 316).

## **Law**

The function of this Court on judicial review is limited to determining whether there is substantial evidence in the record to support the final decision of the Commissioner as trier of fact and whether the Commissioner applied the appropriate legal standards in evaluating the evidence. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Spellman*, 1 F.3d at 360. This Court may not reweigh the evidence, try the issues *de novo* or substitute its judgment for the Commissioner's. *Id.*; *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112 S.Ct. 1046, 117 L.Ed.2d 239 (1992). Despite this Court's limited function, it must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Villa*, 895 F.2d at 1022; *Johnson v. Bowen*,

864 F.2d 340, 343-44 (5th Cir. 1988). Any findings of fact by the Commissioner that are supported by substantial evidence are conclusive. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

To be considered disabled and eligible for SSI, Plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 to 404.1599 & Appendices, §§ 416.901 to 416.998 1995.

In cases where benefits cease due to medical improvement, the Commissioner has promulgated regulations that establish an eight-step process. *See* 20 C.F.R. §§ 404.1594 and 416.994. First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. Second, the claimant is considered disabled if his impairment corresponds to an impairment in the Listings of Medical Impairments. Third, the ALJ determines whether medical improvement has occurred. Fourth, the ALJ must determine whether or not any medical improvement is related to the ability to engage in basic work activities. Fifth, if there has been no medical improvement or it is found that the medical improvement is not related to the ability to work, the ALJ must consider whether any of the exceptions apply. Sixth, if medical improvement is shown to be related to the ability to do work or if one of the first group of exceptions to medical improvement applies, the ALJ must decide if the claimant has a current impairment or a combination of all current impairments which are severe. Seventh, if the claimant's impairments are severe, the ALJ must assess his current ability

4

to engage in substantial gainful activity. Eighth, the burden shifts to the Administration to show that there are other jobs existing in significant numbers in the national economy that claimant is able to make successful vocational adjustment considering his age, education, work experience and residual functional capacity. The Commissioner may meet this burden by relying on the Medical-Vocational Guidelines or vocational expert testimony. 20 C.F.R. §§ 416.966(e) and 416.969.

The Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

## **Analysis**

Plaintiff has identified five issues for this appeal, and Defendant has responded to them. The undersigned has considered Plaintiff's proffered issues and finds they can be summarized as follows: 1) whether the ALJ committed reversible error by failing to apply a medical improvement analysis on remand as directed by this Court; 2) whether the ALJ properly considered and assigned the appropriate weight to the opinions of Plaintiff's treating physician; 3) whether the ALJ mis-characterized Plaintiff's testimony regarding her abilities for activities of daily living; 4) whether the Appeals Council committed reversible error by failing to explain why it disregarded additional evidence presented to it. Having duly considered the submissions of the parties and the record, the undersigned finds as follows with regard to each issue.

*Issue 1*

Plaintiff argues the ALJ failed to properly respond to this Court's July 16, 2003 Order of

Reversal and Remand in Cause No. 2:02cv257. Pursuant to that Order, the Commissioner was required to instruct the ALJ to apply the eight-step sequential evaluation used in medical improvement cases. (Tr. 366-67). Having reviewed the ALJ's January 10, 2005 decision, I agree with Defendant that the ALJ conducted the proper analysis.

As noted above, Plaintiff was found disabled for the period from August 17, 1998, through August 31, 1999, and received disability and SSI benefits for that period. (Tr. 21). In a medical improvement case, a claimant who was previously found eligible for disability benefits may be disqualified due to "medical improvement." 20 C.F.R. 416.994 (2005); *Griego v. Sullivan*, 940 F.2d 942, 943-44 (5th Cir. 1991). The medical improvement standard, as defined by 20 C.F.R. § 404.1594(b)(1), applies in "closed period" cases such as this one, in which a plaintiff is determined to have been disabled for a finite period of time and thereafter regained the ability to work. *See Shepherd v. Apfel*, 184 F.3d 1196, 1198 (10th Cir.1999). The Commissioner bears the burden of showing medical improvement by establishing that the claimant's medical condition has improved, the improvement is related to the claimant's ability to work, and the claimant is currently able to engage in substantial gainful activity. *See Griego*, 940 F.2d at 943-44.

In this case, the ALJ followed the eight-step sequential analysis. (Tr. 313-316). The ALJ found medical improvement had occurred based on the records of Dr. Caroline Kasser; physical therapist, Ms. Anne Stewart; Dr. Ernest B. Lowe, Jr.; and Dr. Michael DeShazo. (Tr. 313-14). These records showed Plaintiff's pain was "much improved;" she had increased range of motion; she had complete resolution of myofascial hypersensitivity and significant improvement in her scapula stability; there were no objective orthopedic findings supporting her allegations of limitation; there were no findings of any serious neurological problems; and her own testimony

established she did light house work, driving and shopping. (Tr. 314). The ALJ concluded Plaintiff's impairments had work-related improvement as of September 1, 1999, when her impairments had improved to such an extent that she was capable of lifting 20 pounds occasionally and 10 pounds frequently and she could stand, walk or sit up to six hours in an eight-hour day with normal breaks at occupational activities that required no more than occasional climbing, stooping and overhead reaching. *Id.* Because the ALJ's decision expressly outlines a finding of medical improvement supported by medical evidence in the record, Plaintiff's Issue 1 is without merit.

*Issue 2*

Plaintiff suggests the ALJ committed reversible error by not assigning the proper weight to her treating physician's (Dr. Alan James) opinion and for failing to comply with this Court's Order requiring him to recontact Dr. James and to consider the factors outlined in 20 C.F.R. 404.1527(d) and 416.927(d) for assigning the proper weight to a treating physician's opinion. To the contrary, the Court finds any omission committed by the ALJ was harmless.

As regards the ALJ's failure to recontact Dr. James, I find any such failure was cured when the ALJ considered Dr. James' January 2004 letter submitted to the ALJ by plaintiff's counsel. (Tr. 370-71). It should be pointed out that Dr. James noted in this letter that he served as Plaintiff's primary care physician only from August 1998 until June 2001.

Next, Plaintiff argues the Commissioner's decision should be reversed because the ALJ failed to give controlling weight to Dr. James's opinion. A Medical Assessment of Ability to Do Work-Related Activities completed by Dr. James in May 2000 indicated Plaintiff was limited to an RFC of less than sedentary. (Tr. 216-19). Also, Dr. James's letter of July 13, 2000, gave an opinion of "total disability." (Tr. 246).

7

In *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000), the Fifth Circuit concluded that "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." The court further pointed out that "if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e)." *Id*. In this case, medical evidence from an examining source directly conflicted with Dr. James's opinion of total disability. (Tr. 314). After conducting a consultative examination of plaintiff on March 30, 2000, Dr. Ernest Lowe, Jr., an orthopedist, determined that plaintiff had full strength in her arms and legs with no paraesthesias or dysesthesias. (Tr. 209). Dr. Lowe further noted that though Plaintiff was markedly obese and had a soft tissue injury to her neck, she should have been capable of her previous light work. *Id*. The medical source statement submitted by Dr. Lowe indicated that plaintiff had the ability to perform light work activities. (Tr. 210-212).

"The opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994). In this case, Dr. James was an internist, whereas Dr. Lowe was an ortheopedic specialist. Furthermore, even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, "the ALJ has the sole responsibility for determining a claimant's disability status." *Id.* "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the

8

evidence." *Newton*, 209 F.3d at 456. In this case, Dr. James's opinion of "total disability" was conclusory and inconsistent with other medical evidence.

Ultimately, the ALJ did discuss some of the *Newton* factors albeit in narrative form (i.e., the fact that Dr. James's opinion was inconsistent with other medical evidence of record). (Tr. 314). Nonetheless, because the records of a credible examining source directly conflicted with Dr. James's records and because Dr. James's opinion conflicted with the record as a whole the ALJ committed no error in assigning little weight to Dr. James's opinion. *See e.g., Alejandro v. Barnhart*, 291 F.Supp.2d 497, 506-511 (S.D. Tex. 2003).

*Issue 3*

Plaintiff next argues the ALJ mischaracterized her testimony regarding her abilities for activities for daily living. Having reviewed the ALJ's opinion and the transcript of Plaintiff's testimony, I find this issue has no merit. Plaintiff's testimony established, *inter alia*, that she woke her son each morning for school; she drove when necessary because her husband didn't drive; she cooked in a microwave and crock pot when necessary; she did some light housework; and she did some grocery shopping. (Tr. 259-60, 331-335 ). The ALJ pointed out the "light" nature of plaintiff's activities but noted that they were nonetheless inconsistent with her allegations of constant pain and severe neck impairment. (Tr. 314). Based on this, I find no reversible error was committed.

*Issue 4*

Lastly, Plaintiff contends the Appeals Council committed reversible error by failing to explain why it failed to consider the "additional evidence" submitted to it. The "additional evidence" consisted of Dr. James's January 2004 letter, wherein he gave a history of his treatment of Plaintiff and a December 2003 letter from Dr. Chalmers B. Daniel, indicating

9

Plaintiff was totally disabled.[1] The Appeals Council stated that it had "considered the comprehensive medical and other evidence of record" and had concluded there was no basis for changing the ALJ's decision. (Tr. 288-290).

Social security regulations expressly authorize a claimant to submit "new and material" evidence to the Appeals Council when requesting review of an ALJ's decision to deny benefits. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b). However, the submission of new and material evidence does not require the Appeals Council to grant review of the decision. *See Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir.2001). "On the contrary, the regulations provide that the Appeals Council will grant review only if it finds that the ALJ's decision 'is contrary to the weight of the evidence currently of record.'" *Id*. (quoting 20 C.F.R. 404.970(b)).

Here, Dr. James's and Dr. Daniel's letters presented no new and material evidence. Dr. James's letter was cumulative, as it merely outlined the history of his treatment of Plaintiff. Moreover, both Dr. James's and Dr. Daniel's letters had already been considered by the ALJ prior to submission of his decision.[2] (Tr. 310-311). Accordingly, the Appeals Council's stated reason for upholding the ALJ's decision was sufficient, and no error was committed.

## Recommendation

For the foregoing reasons, it is my recommendation that the decision of the Commissioner of Social Security be affirmed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event

---

[1] Most of Plaintiff's argument focuses on the Appeals Council's unfavorable decision of August 21, 2002. Plaintiff should be reminded that following that decision, she filed a judicial appeal with this Court, and the case was remanded for a new hearing. Accordingly, any issue with the Appeals Council's first decision is now moot.

[2] The ALJ assigned little weight to Dr. Daniel's opinion because it was not supported by any objective clinical or diagnostic findings. (Tr. 310).

any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**SUBMITTED THIS**, the 12th day of March, 2007.

      **/s/ Eugene M. Bogen**
      **UNITED STATES MAGISTRATE JUDGE**